IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

EMA THOMASON

        Plaintiff,

v.

                                      Civil Action No. TMD 08-3403

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Ema Thomason  ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g)

for judicial review of the final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act, 42 U.S.C.§§ 401-433.   Before the Court are Plaintiff's

Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 19) and Defendant's

Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 34).  No hearing is deemed

necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion

for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her application for DIB on October 25, 1999 alleging disability

since March 16, 1999 on the basis of herniated discs and numbness of the right arm and hand.  R.

at 14, 43, 73-75, 77, 391   Her claim was denied initially and on reconsideration.  R. at 43-45,

47-49.  On November 28, 2000, a hearing was held before an administrative law judge ("ALJ")

and by decision dated November 30, 2001, the ALJ denied Plaintiff's request for benefits.  R. at 24-40, 14-21.  The Appeals Council denied Plaintiff's request for review on February 15, 2002 after which Claimant requested review by this Court.  R. at 6-7.  While the case was pending, the parties requested by joint motion that the case be remanded for further proceedings.  R. at 391, 486.

On remand, a second hearing was held before the ALJ on October 13, 2004.  R. at 432-85.  On December 2, 2005, the ALJ issued a decision denying the claim.  R. at 391-428.  On October 24, 2008, the Appeals Council declined to assume jurisdiction thereby rendering the ALJ's decision the final decision of the Commissioner subject to judicial review.  R. at 374-77.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: herniated cervical disc, bulging cervical and lumbar discs, degenerative disc disease, arthritis in her left ankle, asthma, morbid obesity, and possibly, fibromyalgia.  At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC") Plaintiff was capable of performing her past relevant work.  Alternatively, the ALJ concluded at step five, that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  Accordingly, she concluded that Claimant was not disabled.  R. at 391-428.

III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence

presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a

reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal

to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v.*

*Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or

resolve evidentiary conflicts, but rather must affirm a decision supported by substantial

evidence.  *Id*.

IV. Discussion

Plaintiff argues that the ALJ erroneously assessed her RFC.  Specifically, she argues that

the ALJ failed to set forth a narrative discussion supporting the assessment, that the RFC is

facially inconsistent, and that it does not accurately reflect her impairments.  Plaintiff also

argues that the ALJ repeatedly relied upon unsupportable inferences regarding her retention of

counsel and consultation with physicians in evaluating the evidence.

A.      Narrative Discussion/Impairments

Plaintiff makes a boilerplate argument that the ALJ failed to set forth a narrative

discussion to support her RFC finding.  This argument is easily dismissed.   The Court has

reviewed the ALJ's opinion and finds it to be thorough and detailed.  The ALJ thoroughly

reviewed the medical opinions in the record and, as the Commissioner properly points out, the

Plaintiff does not argue that the ALJ erred in her consideration of those medical opinions.  More

specifically, the ALJ does provide a narrative discussion to support her RFC finding.  She

indicated that the record did not contain evidence that Claimant suffers from significant

problems lifting and carrying beyond those imposed by her mild back impairment, fibromyalgia

and obesity.  R. at 417, 422, 424 (discussing results of EMG, MRI and examination studies).

The ALJ noted that her asthma would preclude exposure to pulmonary irritants.  R. at 424.  She

also supported her restriction of postural movements to her deconditioning and size.  R. at 424.

Furthermore, she noted that therapy had improved certain maneuvers making her capable of

performing certain postural movements up to 1/3 of the day.  Contrary to Plaintiff's argument,

the Court need not guess at the basis for the ALJ's RFC finding as Plaintiff infers.

In a related argument, Plaintiff argues that the RFC finding failed to accurately reflect

her impairments.  She argues that the ALJ failed to include any limitation on her "ability to turn

or move her head or neck, or utilize her upper extremities *limitations one would expect* from a

herniated cervical disc, and failed to place any limitation on her ability to stand or sit,

restrictions *one would expect* as a result of bulging discs, degenerative disc disease, and ankle

impairments."  Pl.'s Mot. Summ., at 10 (emphasis added).  Interestingly, Plaintiff's argument is

phrased in terms of what one might *expect* to see based on various impairments.  Nowhere does

Plaintiff point to any opinion from a medical source that Claimant actually suffers from these

hypothetical restrictions.

B.      Facial Inconsistencies in RFC

Plaintiff argues that the ALJ's opinion is internally inconsistent and points to her finding

in the body of the decision that she is limited to "work at the light exertional level that would

permit her to avoid *more than occasional* postural maneuvers (climbing, bending, stooping,

crouching, crawling and kneeling), temperature extremes, and pulmonary irritants , such as

would be found outdoors or in unusually hot or cold work environments or those with unusually

 high levels of exposure to dust, lint, or chemical fumes.  Neither of the environmental

limitations would preclude work in a normal office building or on a normal assembly line."   R.

at 425 (emphasis added).  This implies that Claimant could tolerate occasional postural

maneuvers, temperature extremes and pulmonary irritants.  Plaintiff compares this with the

ALJ's actual "Finding" that she has the RFC to perform "light work avoiding postural

maneuvers, pulmonary irritants, and temperature extremes."  R. at 427.  This implies that

Claimant must completely avoid postural maneuvers, temperature extremes and pulmonary

irritants.  The Court agrees that the statements are not entirely consistent with the latter

"Finding" being more restrictive.  However, the inconsistency is harmless as it is clear from the

ALJ's hypothetical to the VE that she indeed posed the more restrictive finding.  *See* also R. at

424 (discussing the need to avoid temperature extremes because it could exacerbate her asthma

and arthritis).  Specifically, the ALJ stated:

> I would like you to please assume a hypothetical claimant . . . that [] was limited
> to sedentary work; that she needed to *avoid* pulmonary irritants including

5

extreme heat and humidity; she would need also to *avoid* postural maneuvers
such as bending, stooping, crawling, climbing;  she would require restroom
proximity.

R. at 473 (emphasis added).  Based on this hypothetical, the VE indeed testified as to various

jobs Claimant could perform.[1]  In fact, the ALJ's hypothetical was even more restrictive

limiting Claimant to sedentary work and bathroom proximity.  R. at 424, 473-78.  Nevertheless,

the VE testified as to several types of jobs Claimant could perform (addresser, order clerk,

document preparer, customer service representative, and tourist information assistant).  R. at

474-77.  Accordingly, the ALJ's reference to seemingly less restrictive limitations is harmless.

       C.     Inferences

Plaintiff argues that the ALJ improperly relied upon "insupportable inferences"

regarding her retention of counsel  and consulting physicians and this somehow undermines his

credibility determination.  The ALJ devoted approximately three pages to her credibility

determination and even if the Court were to agree that some of the ALJ's inferences were not

supported, there is certainly substantial evidence in the record which supports the ALJ's

findings that Claimant's credibility was poor.  He noted that the x-rays, MRI's and EMG did

not support the debilitating pain alleged by Claimant.  Specifically, a 1999 EMG showed mild

nerve irritation, not compression. R at 317, 417.  Dr. Levitt found that based on the 1999 MRI,

lumbar herniation was questionable, and that herniation at C6-7 had little nerve impact. R. at

417,355.  Neurosurgeon, Dr. Ducker agreed that the disc changes and subtle signal at L4-5

---

[1] While the Court acknowledges Plaintiff's argument that the avoidance of pulmonary irritants and the need to
avoid stooping are significant vocational restrictions, the VE nevertheless considered these restrictions and still

could not account for the pain alleged.  R. at 417, 357-58.  In 2002, Dr. Ducker again confirmed only some minimal disc changes.  R. at 417, 666-67.  The ALJ noted that no doctor found atrophy which one would expect if the pain was so great causing inactivity and that there were generally no sensory deficit in her arms or hands after 2000, except on one occasion.  R. at 417.  These are just a few examples of the discrepancies between the degree of pain alleged and the objective medical evidence noted by the ALJ.

In addition, the ALJ found that Claimant's allegation of seizures was wholly inconsistent with her failure to mention them to any physician for approximately 18 months.  R. at 418.  She also noted that despite Claimant's complaints of many falls, she did not seek out medical treatment.  *Id.*  The ALJ found that Claimant did not complain of hand numbness or poor grip until three months after her accident and only after she learned that she had herniated cervical discs.  R. at 419, 315.

There is an abundance of evidence in the record which supports the ALJ's findings *even without regard* to the various inferences which Plaintiff claims are not supported.  Indeed, Plaintiff does not claim that these other findings are unsupported.  In short, Plaintiff makes some very general arguments in an attempt to discredit the RFC.  As discussed above, the arguments are without merit and the ALJ presented a thorough, well-supported decision with respect to the RFC and his ultimate finding of non-disability.

V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A

---

identified available jobs.

separate order shall issue.

Date: March 1, 2012                    _____/s/_____
                                       THOMAS M. DIGIROLAMO
                                       United States Magistrate Judge

Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692